IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SKY KING SATELLITE, INC.,    )
                             )
     Plaintiff,              )
                             )          CIVIL ACTION NO.
     v.                      )            2:23cv175-MHT
                             )               (WO)
ELITE TECHNICIAN             )
MANAGEMENT GROUP, LLC,       )
                             )
     Defendants.             )

ORDER

The allegations of the notice of removal are
insufficient to invoke this court's removal
jurisdiction under 28 U.S.C. §§ 1332 (diversity of
citizenship) and 1441 (removal).   To invoke removal
jurisdiction based on diversity, the notice of removal
must distinctly and affirmatively allege each party's
citizenship.   *See McGovern v. American Airlines, Inc.*,
511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).*   The

---

* In *Bonner v. City of Prichard*, 661 F.2d 1206,
1209 (11th Cir. 1981) (en banc), the Eleventh Circuit
Court of Appeals adopted as binding precedent all of
the decisions of the former Fifth Circuit handed down
prior to the close of business on September 30, 1981.

allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a).

The removal notice is insufficient because it does not properly indicate the citizenship of corporate plaintiff Sky King Satellite, Inc.  In order to plead the citizenship of a corporation, the notice of removal must allege <u>both</u> the states of incorporation <u>and</u> the state where the corporation has its principal place of business.    *See*  28  U.S.C.  § 1332(c)(1);  *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). Here, the notice of removal fails to allege the principal place of business.

The removal notice is also insufficient because it does not properly indicate the citizenship of a party that is a 'limited liability company': Elite Technician Management Group, LLC ("ETMG").   "[L]ike a limited partnership, a limited liability company is a citizen

2

of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore allege "the citizenships of all the members of the limited liability company." *Id*.

Where, as here the LLC has a member who is an individual, the complaint must properly allege the citizenship, not merely the residence, of the individual, as an allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.") (citing *Denny v. Pironi,* 141 U.S. 121, 123 (1891); *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.")). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction[,]

3

... [a]nd domicile requires both residence in a state and 'an intention to remain there indefinitely....'" Travaglio, 735 F.3d at 1269 (quoting *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)).

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendant has until July 11, 2023, to amend the notice of removal to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 27th day of June, 2023.

                         /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE

4