# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SKY KING SATELLITE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-cv-175-MHT-SMD |
| ELITE TECHNICIAN MANAGEMENT GROUP, LLC, | ) |
| Defendant. | ) |

## ORDER [PROPOSED]

The parties, having stipulated to the entry of the following protective order, it is hereby ORDERED, ADJUDGED, AND DECREED that disclosure of confidential information and materials shall be governed as follows:

## Definitions

(a) "Document," whether used in the singular or plural, means any kind of written or graphic matter, however produced or reproduced, of any kind of description, including originals, copies, and drafts, and both side thereof, and including, but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, confirmations, account statements, manuals, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of any kind of conversations, interviews, conferences or of any meetings whatsoever, affidavits, statements, and all records kept by electronic, photographic, or mechanical means.

(b) "Confidential information" or "confidential material" means any document or information which has been so designated in accordance with this Stipulated Protective Order that the designating party has a reasonable good faith belief is not publicly known, generally known in the trade or business, is readily ascertainable from publicly available documents or information or is the subject of a required public filing or disclosure by any regulatory authority.

(c) "Conclusion of this litigation" means the final termination of the action entitled *Sky King Satellite, Inc. v. Elite Technician Management Group, LLC*, Case No. 23-cv-175-MHT-SMD (pending in the United States District Court for the Middle District of Alabama), by any means, including without limitation, settlement, final judgment, or voluntary dismissal. In the event that an appeal is taken from any judgment or order entered herein, the "conclusion of the litigation" shall not occur until all appellate proceedings have been finally concluded.

**Procedure for the Protection of Confidential Information**

1. The parties shall have the right to designate information or material as "CONFIDENTIAL," and all material so designated shall be kept confidential and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than the Court (via sealed filing), the parties to this action, the attorneys of record for the parties (including members and associates of the law firms of such attorneys and non-professional supporting personnel employed by the attorneys such as paralegal, secretarial, stenographic and clerical personnel), and necessary employees of the parties. Any information or material designated as "CONFIDENTIAL" pursuant hereto may not be used or disclosed in any manner except in connection with the above-captioned action; for example, information or material designated as "CONFIDENTIAL" pursuant hereto may not be used or disclosed in connection with any other civil action.

2. Unless it is reasonably believed that an entire document or collection of information is "CONFIDENTIAL," the producing party will produce two (2) versions of the document, one with the "CONFIDENTIAL" information redacted in a way that it is immediately obvious that there has been a redaction (preferably with the word "REDACTED" in the relevant area) and another un-redacted version that bears the "CONFIDENTIAL" designation and highlights (in a way that does not obscure the information) that portion of the document or information reasonably believed to be "CONFIDENTIAL."

3. Nothing in this order is meant to prevent any party from sharing with non-parties to this action information, although non-public, is reasonably believed to be known to the person or entity to whom/which the document or information is being shown; for example, a non-public letter from a party to a non-party or a non-public arbitration proceeding between a party and a non-party.

4. The parties are authorized, without further motion or order of the Court, to file all documents coming within the scope of this Stipulated Protective Order under seal. In lieu of filing the documents under seal, the parties may file redacted copies with the Court (where applicable). Said filing shall not be deemed a waiver in whole or in part of any party's claim to the confidential status of the redacted information. In all cases, however, the parties shall serve on the attorneys for the other parties non-redacted copies of their filings.

5. Where applicable, in designating information as "CONFIDENTIAL", the designating party will make such designation only as to that information or material that the designating party reasonably believes to be "CONFIDENTIAL." The designation shall be limited to the maximum reasonable extent. For example, if only one sentence or only one number on a

document is reasonably believed to be "CONFIDENTIAL," only that portion of the document shall be redacted in the CONFIDENTIAL version of the document.

      6.      The disclosure of any confidential information shall in no way result in waiver of the attorney-client privilege or the attorney work-product privilege.

      7.      Notwithstanding anything to the contrary herein, nothing in this Stipulated Protective Order shall restrict a party's ability to use or disclose its own documents or proprietary information. Further, any party may remove its designation of "CONFIDENTIAL" from any information it has previously so designated.

      8.      If, during any deposition(s) conducted in this action (including but not limited to any prior deposition(s) conducted in this action, where applicable), any information is designated as "CONFIDENTIAL" by any party, each party shall have until fourteen (14) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript to be designated confidential, and the right to make such designation shall be waived unless made within the fourteen (14) day period. Transcripts of testimony, or portions thereof, including the confidential information shall be filed only under seal, shall be marked with reference to this Stipulated Protective Order, and shall be kept under seal until further order of the Court. With respect to any such transcript, the attorneys for the parties may retain copies thereof, with the confidential portion(s) to be used subject to the limitation of this Stipulated Protective Order.

      9.      Information designated as "CONFIDENTIAL" in accordance with this Stipulated Protective Order may be disclosed in testimony at the trial of this action or offered in evidence at the trial of this action, subject to the applicable law of evidence and subject to such further orders as the Court having authority over this action may enter.

10. Non-parties shall be entitled to invoke the provisions of this Stipulated Protective Order by designating information disclosed or documents produced for use in this action as "CONFIDENTIAL," in which event the provisions of this Stipulated Protective Order shall govern the disclosure of information or documents provided by the non-parties.

11. Parties shall be entitled to invoke the provisions of this Stipulated Protective Order by designating information disclosed or documents produced by non-parties for use in this action as "CONFIDENTIAL," in which event the provisions of this Stipulated Protective Order shall govern.

12. At the conclusion of this litigation, each party shall return or destroy all documents and all copies thereof designated "CONFIDENTIAL." Upon request of the disclosing party, the receiving party shall certify destruction of all copies of confidential information and materials.

13. This Stipulated Protective Order shall remain in effect for such time as any party possesses, or has knowledge of, confidential information, unless sooner terminated by written agreement of the parties or by the Court.

14. The remedies provided in this Stipulated Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court for any document or information deemed to be confidential. The entry of this Stipulated Protective Order shall not be construed as a waiver of any claim of privilege which may be asserted during the course of this litigation (including any appeal).

15. This Stipulated Protective Order shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto.

DONE and ORDERED on this, the ___ day of _____, 2023.

_____
CHIEF U.S. MAGISTRATE JUDGE